# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL DOWELL,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Cause No.** |
| | ) | |
| **LINCOLN COUNTY, CHRISTOPHER** | ) | |
| **BARTLETT, JOSEPH EAGAN,** | ) | **JURY TRIAL DEMANDED** |
| **RODNEY BOYER, HARRY DILWORTH,** | ) | |
| **and WILLIAM CARSON, all in their** | ) | |
| **individual and official capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** plaintiff, MICHAEL DOWELL, by and through his attorneys, Law & Schriener, LLC, and for his cause of action against the above-captioned defendants hereby states as follows:

## JURISDICTION

1.      This action is brought pursuant to 42 U.S.C. § 1983, the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, and the laws of the State of Missouri.

2.      This Court has jurisdiction of the matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. §1343(a)(3), (4), and 28 U.S.C. § 1367.  Jurisdiction supporting plaintiff's claims for attorney fees and costs is conferred by 42 U.S.C. § 1988.

-1-

## VENUE

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that all defendants are residents of this district and all the acts or omissions which give rise to this cause of action occurred in the Eastern District of Missouri.

## PARTIES

4.      At all relevant times hereto, plaintiff Michael Dowell ("Dowell") is an individual and at all times resided at 9746 Newton, Ferguson, Missouri.

5.      Defendant Lincoln County, Missouri (hereinafter Lincoln County) is a county organized and existing under the laws of the State of Missouri.  In this cause, Lincoln County acted through its agents, employees, and servants, who was or were the policymakers for Lincoln County Sheriff's Department and for the conduct of the sheriff, police officers and jailers employed by the Sheriff's Department, and through defendant Bartlett.

6.      Christopher Bartlett is a citizen of the United States in the State of Missouri, and was, at all relevant times mentioned in this complaint, employed by defendant Lincoln County as a law enforcement officer.

7.      Joseph Eagan is a citizen of the United States in the State of Missouri, and was, at all relevant times mentioned in this complaint, employed by the Maryland Heights Police Department, and a member of the Major Case Squad of Greater St. Louis (Major Case Squad).

8.      Rodney Boyer is a citizen of the United States in the State of Missouri, and was, at all relevant times mentioned in this complaint, employed by Maryland Heights Police Department as a law enforcement officer and a member of the Major Case Squad.

9.      Harry Dilworth is a citizen of the United States in the State of Missouri, and was, at all relevant times mentioned in this complaint, employed by Ferguson Police Department and a member of the Major Case Squad.

10.     William Carson is a citizen of the United States in the State of Missouri, and was, at all relevant times mentioned in this complaint, employed by the Maryland Heights Police Department, and served as a deputy commander of the Major Case Squad.

11.     Plaintiff sues defendants Bartlett, Eagan, Boyer, Dilworth, and Carson each and all in their individual and official capacities.

12.      At all time referred herein, defendants Bartlett, Eagan, Boyer, Dilworth, and Carson acted under color of laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, the Major Case Squad, the County of Lincoln, and the Lincoln County Sheriff's Department pursuant to their authority as a commander of the St. Louis Area Major Case Squad and police officers of said entity and department and county.

## FACTS COMMON TO ALL COUNTS

13.     The parents of Stephanie Hogland reported her missing to the Lincoln County Sheriff's Department on January 7, 1991.

14.     On January 7, 1991, the body of Ms. Hogland was found in a ditch on Highway W several miles north of Route 47 in Lincoln County, Missouri.

15.     Dr. Mary Case (Dr. Case) of the St. Louis County Medical Examiner's Office performed the autopsy on Ms. Hogland.  Dr. Case concluded that the cause of death was a closed head injury caused by blunt trauma and a manner of death of homicide.  During the autopsy, Ms. Hogland's bra, panties and rape kit were seized as evidence.

16.     An ongoing murder investigation including the Lincoln County Sheriff's Department and the Missouri State Highway Patrol resulted in no charges or arrests until December 4, 2006, when a DNA "hit" occurred in the Combined DNA Index System (CODIS).  Plaintiff Michael Dowell had recently provided a DNA sample as part of his probation supervision.  This sample allegedly matched DNA from the panties seized during the 1991 autopsy.

17.     As a result of this DNA "hit," the Lincoln County sheriff contacted the St. Louis Area Major Case Squad to be activated to handle the case.

18.     On December 14, 2006 plaintiff Dowell lived at  9746 Newton, Ferguson, Missouri with his mother Emma Dowell.

-4-

19.     On December 14, 2006, defendants Eagan, Boyer, and Dilworth as part of the 20-member Major Case Squad, which had assembled that morning at the Lincoln County Sheriff's Department, arrived at plaintiff Dowell's residence after he had just parked his car in the driveway and exited it.

20.     Defendants Eagan, Boyer, and Dilworth, who were armed and driving an unmarked van, asked plaintiff Dowell to come with them to the police department because they wanted to speak with him.  They did not tell plaintiff Dowell specifcially what they wanted to speak to him about or what police station they were taking him to.

21.     Plaintiff Dowell complied with the defendants' request and took the back seat in the van behind the driver.  Defendant Boyer sat in the driver's seat and defendant Eagan sat next to him in the front passenger seat.  Defendant Dilworth sat next to plaintiff Dowell in the back seat.

22.     Sometime before the van entered onto the highway, Defendant Eagan informed plaintiff Dowell that they were investigating a fifteen-year old murder in Lincoln County.

23.     During the drive, the defendants showed plaintiff Dowell an old photograph of Stephanie Hogland, a woman who was murdered in Lincoln County fifteen years ago.  Plaintiff Dowell stated that he did not know the woman in the picture.

24.     The defendant officers drove plaintiff Dowell to a secluded spot on Highway W in Lincoln County, Missouri where Ms. Hogland was found and stopped the

van.  Defendants Dilworth and Egan exited the van.  The defendants asked plaintiff Dowell to get out the van and he declined.  The defendants interrogated plaintiff Dowell at the scene where the body was found.  After approximately ten to fifteen minutes, defendants Dilworth and Egan got back into the van.

25.     From the scene where the body was found, the defendant officers drove plaintiff Dowell to the Lincoln County Sheriff's Department.  During the drive, the defendant officers continued to question him about Ms. Hogland.

26.     Upon arrival at the Lincoln County Sheriff's Department, the defendant officers placed hin into an interview room with a hidden camera that videotaped the interrogation.

27.      Defendant Carson monitored plaintiff Dowell's interrogation from a separate equipment room.

28.     After approximately 13 minutes of plaintiff being placed into the interview room, defendants Boyer and Dilworth entered and interrogated plaintiff for approximately 30 minutes.  At the end of this time, the tape recording abruptly stopped. The defendants, however, continued to question and interrogate plaintiff.

29.     During the time the videotape was off, defendant Boyer began to take plaintiff's property in preparation of placing him into a holding cell and placed plaintiff under arrest.  Also during this time, defendant Eagan entered the interview room.

-6-

30.     The video tape started to run again at 7:17 p.m.  Within nine seconds of the tape beginning, plaintiff stated "if I have to hire a lawyer to explain it, that's what I got to do."  Defendants Boyer, Dilworth and Eagan, however, continued to question plaintiff Dowell.  At approximately six minutes after the tape began to run again, defendant Dilworth leaves the room.

31.     Approximately seven minutes after the videotape began running again, plaintiff Dowell states "hire me a lawyer."   Even after this second assertion of his rights, defendants Eagan and Boyer continued to interrogate plaintiff Dowell.  Approximately a minute later, defendant Boyer enacts a make believe criminal court murder proceeding against plaintiff, references the importance of the victim's burial, and threatens plaintiff with the death penalty.

32.     At approximately nineteen minutes after the videotape has resumed, plaintiff Dowell stated "you know what, I'm invoking my rights."  Defendants Eagan and Boyer continued to interrogate plaintiff and made statements that Mr. Dowell was at a crossroads in his life and at a turning point.  Defendants Eagan and Boyer also discussed the DNA evidence and plaintiff's past relationships with women.

33.     Although he observed plaintiff Dowell invoke his right to silence and request an attorney from the monitor room, defendant Carson took no action to stop defendants Eagan and Boyer's continued illegal interrogation. Subsequently, plaintiff Dowell is taken from the interview room and placed in a holding cell.

-7-

34.     On December 15, 2006, defendants Bartlett and Dilworth went to plaintiff's cell to read him his warrants and charges, and to inform him that the state would be seeking the death penalty.  This was a veiled attempt on defendant's Bartlett and Dilworth's part to coerce a confession from plaintiff

35.     The state charged plaintiff Dowell with first-degree murder, armed criminal action, rape, and in the alternative rape with infliction of serious physical injury.  Plaintiff Dowell moved for and was granted a change of venue to Boone County.  *See State v. Dowell,* Case No. 07BA-CR03726.

36.     The trial court dismissed the armed criminal action and the rape count as time-barred.  Because the state sought the death penalty, the rape with infliction of serious physical injury count was severed as required by Mo. Rev. Stat. § 565.044.1.

37.     Plaintiff Dowell filed, among other things, a motion to suppress evidence. The Court granted plaintiff Dowell's motion, in part, finding that any statements made by defendant on December 14, 2006, after he stated "I want this over with and to go to a cell" are suppressed.  In addition, the Court suppressed plaintiff's December 15, 2006 statements to defendant Bartlett.

38.     On September 29, 2011, plaintiff Dowell's jury trial began.

39.     Dr. Case's trial testimony was videotaped and played to the jury during the state's case.

40.     Dr. Case testified, among other things, that she had made a finding of

-8-

probable sexual assault, based upon the circumstances in which Ms. Hogland was killed, to-wit: she was killed up-close, out public view and her clothing was removed.  She testified that these circumstances suggested a sexual assault.

41.    Dr. Case also testified that she found six "tiny, very superficial" lacerations, one to three millimeters or 1/25th to 3/25ths of an inch length, in the posterior fourchette, of the inferior margin of the vagina.  Dr. Case noted that the lacerations could have resulted from consensual sex, and did not use these tiny lacerations as the basis of her opinion of probable sexual assault.

42.    Dr. Case testified that she found no evidence of ligature marks, strangulation, violence or trauma to the uterus, ovaries, or anus.  She also testified that she found no bruising, tears or rips inside the vagina.

43.    Dr.  Thomas Young (Dr. Young), the former medical examiner for Jackson County, Missouri,  testified on behalf of plaintiff and disagreed with Dr. Case's finding of probable sexual assault.  Dr. Young testified that the "tiny lacerations" were made after Ms. Hogland died as they were yellow in color and there was no evidence of blood on the scrapes or in her underwear. Dr. Young also testified that he believed that because of the absence of blood on Ms. Hogland's body, bra, and underpants indicated that she had been physically assaulted while fully clothed.

44.    Brian Hoey (Hoey) of the Missouri Highway Patrol Laboratory testified for the  state that he analyzed the evidence using the newer "PCR-STR" process to generate a

DNA profile.  Hoey testified that he was able to extract DNA from the underpants in the form of semen but that there was no sperm and several peak imbalances in the DNA alleles which suggest degradation.

45.     Hoey testified that sample had possibly been there for several days and that semen samples with no sperm in them are generally deemed over 72 hours old.

46.     At trial, plaintiff Dowell presented evidence of Third Party Guilt as to Glen Corter ("Corter"):

>     a.     Corter, drunk, attempted to dance with Ms. Holgand by grabbing her arm at a wedding reception on the night of her disappearance.  Corter was also with Ms. Hogland the night she disappeared;

>     b.     Kimberly Faye Gott testified that she was at a party at a friend's house when Corter cornered her downstairs, laughed at her, and said he killed Ms. Hogland.  Gott reported the incident to the police and filed a written statement;

>     c.     Shiela Weber testified that Corter approached her and a friend at a bar in Winfield, Missouri.  After asking a bouncer to remove Corter, he stated that if they kept it up, they would "end up dead just like [Ms. Hogland];"

>     d.     Christine Dubach, the same witness that observed Corter grab Ms. Hogland at the reception, testified that in 1994, she was at the Flat

Rock swimming hole with her three daughters and others when
Corter stated "You remember [Ms. Hogland]?  Well, I killed her.
I'm getting by with it;"

e.   Christina Kirby testified that in the spring of 1994, Corter was at her
apartment during a gathering and stated that he had beaten Ms.
Hogland with a crowbar;

f.   Dennis Anderson testified that several months before Ms. Hogland's
death, he had seen Corter and another man, not plaintiff, trying to
force her into a truck and he intervened.

47.   On October 3, 2008, the jury found plaintiff not guilty of first-degree
murder, and the lesser included offenses of second-degree murder and involuntary
manslaughter.

48.   Plaintiff Dowell moved to dismiss with prejudice the remaining rape with
infliction of serious physical injury count based on collateral estoppel but the court
granted the state's request to dismiss the charge without prejudice.

49.   On October 16, 2008, the state refiled the same rape charge with the
infliction of serious physical injury in the Circuit Court of Lincoln County.  *See State v.
Dowell,* Case No. 08L6-CR01805. Defendant Barlett signed the sworn probable cause
statement.

-11-

50.     In the October 11, 2008 probable cause affidavit, defendant Bartlett stated, among other things, that:

    a.    "Dr. Mary Case reported the abrasions on the Stephanie Hogland's vagina indicated that force was used for entry into the vagina, therefore indicting Stephanie Hogland was raped;" and

    b.    "On November 30th, 2006 the Missouri State Highway Patrol Crime Lab reported having received a CODIS hit.  Lab technicians indicated they were successful in matching the DNA extracted from Stephanie Hogland's underwear to DNA sample Michael Dowell had submitted to his probation/parole officer."

51.     Plaintiff Dowell filed a motion to dismiss with prejudice based on collateral estoppel.  On April 7, 2009, after a hearing, the Circuit Court granted the motion.  The state appealed and the Missouri Court of Appeals affirmed the trial court's dismissal.  *See State v. Dowell*, Case No. ED92846.  The state's attempts at discretionary review were unsuccessful.

52.     From the date of his acquittal in the Circuit Court of Boone County until the Circuit Court of Lincoln County dismissed the charge of rape with infliction of serious physical injury on April 7, 2009, plaintiff remained in the custody of Lincoln County - a period of over six months.

## FEDERAL CLAIMS

## <u>COUNT I</u>

IMPROPER AND OVERBEARING INTERROGATION
BY DEFENDANTS BARTLETT, BOYER, EAGAN, AND DILWORTH
COGNIZABLE UNDER 42 U.S.C. § 1983
IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS

For his cause of action against defendants Bartlett, Boyer, Eagan, and Dilworth in

Count I, plaintiff Michael Dowell states:

53.    By this reference, plaintiff Dowell incorporates each and every allegation

and averment set forth in paragraphs 1 through 52 of this complaint as though fully set

forth herein.

54.    The conduct of defendants, and each of them, acting individually and

together in concert, as previously described, resulted in plaintiff making involuntary

statements regarding the charged crime which plaintiff did not commit.

55.    The defendants continued to interrogate plaintiff after he requested (1) to

have an attorney present; (2) to remain silent; (3) to have the interrogation cease; (4) to be

placed in a jail cell; (5) to be presented before a judge; (6) to use a restroom; and (7) to

make a phone call.

56.     Said statements were the product of duress of the wanton and deliberate

psychological torture which the defendants inflicted on plaintiff.  The actions of

defendants deprived plaintiff of his right to equal protection of the laws, to due process of

the law, and to the due course of justice in violation of the Fifth and Fourteenth

-13-

Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

57.     The acts of defendants Bartlett,  Boyer, Eagan, and Dilworth as previously described intentional, wanton, malicious  and oppressive, thus entitling plaintiff Dowell to an award of punitive damages against defendants Bartlett, Boyer, Eagan and Dilworth in their individual capacities.

58.     If plaintiff Dowell prevails, he is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** plaintiff Michael Dowell requests that this Court enter judgment against defendants Bartlett, Boyer, Eagan and Dilworth and award such damages to which he is entitled, including but not limited to attorney fees and costs associated with this action, including expert witness fees, punitive damages, and that he be awarded any further relief deemed necessary and just.

## COUNT II

DENIAL OF RIGHT TO COUNSEL
BY DEFENDANTS BARTLETT, BOYER, EAGAN AND DILWORTH
COGNIZABLE UNDER 42 U.S.C. § 1983
IN VIOLATION OF THE SIXTH AMENDMENT

For his cause of action against defendants Bartlett, Boyer, Eagan, and Dilworth in Count II, plaintiff Michael Dowell states:

59.     By this reference, plaintiff Dowell incorporates each and every allegation and averment set forth in paragraphs 1 through 58 of this complaint as though fully set forth herein.

-14-

60.     The conduct of defendants, and each of them, acting individually and together in concert, as previously described, resulted in the infringement of plaintiff's right to counsel as the defendants continued to interrogate him long after plaintiff invoked this right.

61.     Plaintiff suffered prejudice as the result of the defendants' actions because the probable cause statement in support of the complaint referenced these statements and, at trial, the state admitted into evidence statements made by the defendant.

62.     The acts of defendants Bartlett, Boyer, Eagan, and Dilworth as previously described were intentional, wanton, malicious  and oppressive, thus entitling plaintiff Dowell to an award of punitive damages against defendants Bartlett, Boyer, Eagan and Dilworth in their individual capacity.

63.     If plaintiff Dowell prevails, he is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** plaintiff Michael Dowell requests that this Court enter judgment against defendants Bartlett, Boyer, Eagan and Dilworth and award such damages to which he is entitled, including but not limited to attorney fees and costs associated with this action, including expert witness fees, punitive damages, and that he be awarded any further relief deemed necessary and just.

## COUNT III

INITIATION AND PURSUIT OF PROSECUTION WITHOUT PROBABLE CAUSE
BY DEFENDANT BARTLETT
COGNIZABLE UNDER 42 U.S.C. § 1983
IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

For his cause of action against defendant Bartlett in Count III, plaintiff

Dowell states:

64.     By this reference, plaintiff Dowell incorporates each and every allegation

and averment set forth in paragraphs 1 through 63 of this complaint as though fully set

forth herein.

65.     Defendant Bartlett caused the criminal charge of  rape with the

infliction of serious physical injury to issue against plaintiff in Cause No. 08L6-CR01805

in Lincoln Circuit Court after said charge was dismissed in Boone County and assisted in

its prosecution.

66.     Defendant Bartlett was motivated in the pursuant of criminal charges

against plaintiff not by a belief that the charge had any factual or legal merit or probable

cause for its issuance existed, but for improper, illegal, and unconstitutional purposes, to

punish plaintiff for exercising legally and constitutionally protected rights.

67.     Defendant Bartlett intentionally swore out a probable cause affidavit

knowing that it contained statements which misrepresented the evidence against plaintiff.

68.     Defendant Bartlett's probable cause statement that was filed on October 16,

2008 was identical to the statement filed on December 15, 2006 except for the date and

-16-

the absence of paragraphs six, seven and eight.

69.     Defendant Bartlett swore out this affidavit even though he was aware that Dr. Case testified that she made a finding of probable sexual assault that was not an opinion to a degree of medical certainty.  He also swore out this affidavit knowing that no sperm was found in the semen on the victim's panties.

70.     The acts of defendant Bartlett as aforedescribed were intentional, wanton, malicious and oppressive, thus entitling plaintiff Dowell to an award of punitive damages against defendant Bartlett in his individual capacity.

71.     If plaintiff Dowell prevails, he is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** plaintiff Michael Dowell requests that this Court enter judgment against defendant Bartlett and award such damages to which he is entitled, including but not limited to attorney fees and costs associated with this action, including expert witness fees, punitive damages, and that he be awarded any further relief deemed necessary and just.

## COUNT IV

FAILURE TO INTERCEDE ON PLAINTIFF'S BEHALF
AND PREVENT THE VIOLATION OF HIS CONSTITUTIONAL RIGHTS
BY DEFENDANT WILLIAM CARSON
COGNIZABLE UNDER 42 U.S.C. § 1983
IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS

For his cause of action against defendant Carson in Count IV, plaintiff

Dowell states:

72.     By this reference, plaintiff Dowell incorporates each and every allegation

and averment set forth in paragraphs 1 through 71 of this complaint as though fully set

forth herein.

73.     While defendants Boyer, Eagan and Dilworth continued to interrogate

plaintiff after asserting his rights to silence and requesting an attorney, defendant Carson

took no action to intercede on plaintiff 's behalf.

74.     Defendant Carson had both a duty and opportunity to intercede on behalf of

plaintiff Dowell and prevent defendants Boyer, Eagan, and Dilworth from subjecting

plaintiff to an overbearing interrogation and denial of his right to counsel in violation of

the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States and

42 U.S.C. § 1983.

75.     As a direct and proximate result of defendant Carson's deliberate and

intentional failure to intercede on behalf of plaintiff and prevent the violation of his

constitutional rights as aforedescribed, committed under color of state law and under his

-18-

authority as a Major Case Squad commander, plaintiff suffered mental anguish and was deprived of his rights to remain silent and counsel in violation of the Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

76.     The acts of defendant Carson previously described were intentional, wanton, malicious and oppressive, thus entitling plaintiff Dowell to an award of punitive damages against defendant Carson in his individual capacity.

77.     If plaintiff Dowell prevails, he is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** plaintiff Michael Dowel requests that this Court enter judgment against defendant Carson and award such damages to which he is entitled, including but not limited to attorney fees and costs associated with this action, including expert witness fees, punitive damages, and be awarded any further relief deemed necessary and just.

## COUNT V

SUPERVISORY LIABILITY OF DEFENDANT CARSON
COGNIZABLE UNDER 42 U.S.C. § 1983
IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

For his cause of action against defendant Carson in Count V, plaintiff Dowell states:

78.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 77 of this complaint as though fully set forth herein.

79.     Defendant Carson served as commander of the Major Case Squad investigating plaintiff's case, during all times set forth in this complaint.

80.     Defendant Carson was the commanding law enforcement officer of defendants Boyer, Eagan, and Dilworth, and the law enforcement officers of the Major Case Squad assigned to him.  As commander, defendant Carson was responsible for the training, instruction, and supervision, discipline, and control of defendants Boyer, Eagan, and Dilworth and law enforcement officers assigned to him during the investigation into plaintiff.

81.     Upon information and belief, defendant Carson as commander was deliberately indifferent to the risk that defendants Boyer, Eagan, and Dilworth posed to the plaintiff and knew or in the exercise of due diligence would have known that the conduct of defendants Boyer, Eagan, and Dilworth as displayed toward plaintiff in the incident, was likely to occur.

82.     Upon information and belief, defendant Carson failed to take any preventative or remedial measures to guard against the conduct of defendants Boyer, Eagan, and Dilworth and had defendant Carson taken such measures, plaintiff Dowell would not have suffered the deprivation of his rights more fully set forth herein.  Upon information and belief, the failure of defendant Curtis amounted to gross negligence, deliberate indifference, or deliberate misconduct which directly cause the deprivations suffered by plaintiff.  Upon information and belief, defendant Carson failed to train,

-20-

instruct, supervise, and discipline defendants Boyer, Eagan, and Dilworth, and other officers of the Major Case Squad, and said failure caused plaintiff Dowell's damages.

83.    Upon information and belief, as a direct and proximate result of the aforedescribed unlawful and malicious acts of defendant Carson committed under color of state law and under his authority as a Major Case Squad commander, plaintiff Dowell was deprived of his right to be free from a coerced confession and counsel in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

**WHEREFORE,** plaintiff Dowell requests that this Court enter judgment against defendant Carson and award such damages to which he is entitled, including but not limited to attorney fees and costs associated with this action, including expert witness fees, punitive damages, and be awarded any further relief deemed necessary and just.

## COUNT VI

FAILURE TO INSTRUCT, SUPERVISE, CONTROL, AND DISCIPLINE
DIRECTED AGAINST THE LINCOLN COUNTY
COGNIZABLE UNDER 42 U.S.C. § 1983
IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

For his cause of action against defendant Lincoln County in Count VI, plaintiff Dowell plaintiff states:

84.    By this reference, plaintiff Dowell incorporates each and every allegation and averment set forth in paragraphs 1 through 83 of this complaint as though fully set forth herein.

-21-

85.    At all times relevant to this complaint, defendant Bartlett as law enforcement officer of Lincoln County, was acting under the direction and control of Lincoln County, which acted through its agents and employees who were responsible for making policy of the Sheriff's Department, its officers and operations, and defendant Bartlett were acting pursuant to either official policy or the practice, custom, and usage of Lincoln County and its Sheriff's Department.

86.    Acting under color of state law, by and through the policy-makers Lincoln County and pursuant to official policy or custom and practice, upon information and belief Lincoln County intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of Lincoln County failed to instruct, supervise, control, and/or discipline, on a continuing basis, defendant Bartlett in the performance of his duties to refrain from:

  a)    unlawfully denying a citizen of his right to remain silent and assistance of counsel;

  b)    fabricating a probable cause statement knowing that it contained misrepresentations of the evidence so that he could secure the continued confinement of a citizen;

  c)    punishing a pretrial detainee without due process; and

  d)    otherwise depriving citizens of their constitutional and statutory rights, privileges, and immunities.

-22-

87.     Upon information and belief, Lincoln County had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or constitutional acts were going to be committed.  Defendant Lincoln County had power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of Lincoln County failed or refused to do so.

88.     Upon information and belief, defendant Lincoln County, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendant Bartlett, heretofore described.

**WHEREFORE,** plaintiff Michael Dowell requests that this Court enter judgment against defendant Lincoln County and award such damages to which he is entitled, including but not limited to attorney fees and costs associated with this action, including expert witness fees, and be awarded any further relief deemed necessary and just.

## SUPPLEMENTAL STATE LAW CLAIMS

## <u>COUNT VII</u>

### FALSE IMPRISONMENT/FALSE ARREST
### BY DEFENDANT BARTLETT

For his cause of action against defendant Bartlett in Count VII, plaintiff states:

89.     By this reference, plaintiff Dowell  incorporates each and every allegation and averment set forth in paragraphs 1 through 88 of this complaint as though fully set

forth herein.

90.     The actions of defendant Bartlett in executing a probable cause statement based upon facts that he misrepresented resulted in the detention of plaintiff Dowell were willful, wanton and intentional, and done without justification and probable cause.

91.     The defendant's actions were neither an exercise of discretion, nor a determination of policy.

92.     The actions of the defendant constituted an unreasonable and unlawful restraint of plaintiff Dowell's liberty and was against his will.

93.     The action of defendant essentially constituted a false arrest of plaintiff Dowell, as defendant did not have reasonable grounds to believe that plaintiff committed a crime.

94.     As a direct and proximate cause of defendant's actions in unlawfully detaining plaintiff Dowell, plaintiff suffered emotional distress, mental anguish, humiliation and loss of employment.

95.     At all relevant times to this complaint, defendant Bartlett was employed by the defendant Lincoln County and was acting within the scope of his employment as a police officer for Lincoln County at all times relevant to this complaint.

**WHEREFORE,** plaintiff Michael Dowell requests that this Court enter judgment against defendant Bartlett and award such damages to which he is entitled, including but not limited to attorney fees and costs associated with this action, including expert witness

fees, punitive damages, and be awarded any further relief deemed necessary and just.

## COUNT VIII

MALICIOUS PROSECUTION
BY DEFENDANT BARTLETT

For his cause of action against defendant Bartlett in Count VIII, plaintiff states:

96.     By this reference, plaintiff Dowell incorporates each and every allegation and averment set forth in paragraphs 1 through 95 of this complaint as though fully set forth herein.

97.     As set out above in paragraph 49, defendant Bartlett signed a probable cause statement.

98.     As set out above in paragraph 50, defendant Bartlett's probable cause statement was issued knowing that it contained misrepresentations of the evidence against plaintiff.

99.     As set out above in paragraph 50, defendant Bartlett's probable cause statement resulted in a criminal complaint being filed against plaintiff.

100.     As set out above in paragraph 51, the Lincoln County Circuit Court dismissed the complaint.

101.     Defendant Bartlett caused the criminal charge of rape with the infliction of serious physical injury to issue and assisted in the prosecution of said charges.

102.     No probable cause existed for defendant Bartlett to swear out a probable cause statement for rape with the infliction of serious physical injury.

103.    No probable cause finding was ever made as to the charge of rape with the infliction of serious physical injury by way of a grand jury return or finding after a preliminary hearing.

104.    Defendant Bartlett was motivated by malice in the pursuit of criminal charges against plaintiff Dowell not by a belief that the charges had any factual or legal merit or that probable cause for their issuance existed, but for improper, and illegal purposes.

105.    As a direct and proximate cause of defendants' actions in pursing prosecution against plaintiff Dowell, plaintiff Dowell suffered emotional distress, mental anguish, humiliation, and lose of employment.

106.    At all relevant times to this complaint, defendant Bartlett was employed by the defendant Lincoln County and was acting within the scope of his employment as a police officer for Lincoln County at all times relevant to this complaint.

**WHEREFORE,** plaintiff Michael Dowell  requests that this Court enter judgment against defendant Bartlett nd award such damages to which he is entitled, including but not limited to attorney fees and costs associated with this action, including expert witness fees, punitive damages, and be awarded any further relief deemed necessary and just.

## COUNT IX

NEGLIGENT TRAINING BY
DEFENDANT LINCOLN COUNTY

For his cause of action against defendant Lincoln County in Count IX, plaintiff

Dowell  states:

107.    By this reference, plaintiff Dowell incorporates each and every allegation

and averment set forth in paragraphs 1 through 106 of this complaint as though fully set

forth herein.

108.    Upon information and belief, defendant Lincoln County negligently trained

defendant Bartlett in that it failed to adequately train him as to interrogations, the right to

counsel, how to perform and investigation, and the proof needed for issuing a probable

cause statement.

109.    As a direct and proximate result of the aforesaid negligence of the Lincoln

County, plaintiff Dowell was injured as more fully set out in this complaint.

**WHEREFORE,** plaintiff Michael Dowell requests that this Court enter judgment

against defendant Lincoln County and award such damages to which he is entitled,

including but not limited to attorney fees and costs associated with this action, his court

costs herein, and that he be awarded any further relief deemed necessary and just.

## COUNT X

NEGLIGENT HIRING BY
DEFENDANT LINCOLN COUNTY

For his cause of action against defendant Lincoln County in Count X, plaintiff Dowell states:

110.    By this reference, plaintiff Dowell incorporates each and every allegation and averment set forth in paragraphs 1 through 109 of this complaint as though fully set forth herein.

111.    Upon information and belief, defendant Lincoln County negligently hired defendant Bartlett in that it failed to assess the level of competency, training and experience of the aforesaid defendant police officer.

112.    As a direct and proximate result of the aforesaid negligence of Lincoln County, plaintiff Dowell  was injured as more fully set out in this complaint.

**WHEREFORE,** plaintiff Michael Dowell  requests that this Court enter judgment against defendant Lincoln County and award such damages to which he is entitled, including but not limited to attorney fees and costs associated with this action, his court costs herein, and that he be awarded any further relief deemed necessary and just.

Respectfully submitted,

LAW & SCHRIENER LLC

By: */s/ Kevin L. Schriener*
KEVIN L. SCHRIENER, 35490M0
Attorney for plaintiff Michael Dowell
141 North Meramec Avenue, Suite 314
Clayton, Missouri 63105
314 721-7095 – telephone
314-863-7096 – facsimile
klsedmo@schrienerlaw.com – e-mail