UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DOWELL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:11CV615 CDP |
| LINCOLN COUNTY, et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiff Michael Dowell brought this § 1983 action against Lincoln County, Missouri, Christopher Bartlett, Joseph Eagan, Rodney Boyer, Harry Dilworth, and William Carson.  Dowell alleges injury related to his interrogation, arrest, and prosecution by defendants.  Defendants moved to dismiss Count 3 of Dowell's amended complaint, which alleges unlawful search of his residence, arguing that this claim was barred by the statute of limitations at the time the amended complaint was filed.  Because the complaint does not establish the facts necessary for the statute of limitations defense, I will deny defendants' motion to dismiss Count 3 of plaintiff's complaint.

## Background

On December 4, 2006, the Combined DNA Index System generated a match between a sample recently provided by Michael Dowell as part of his probation supervision and a sample from the fifteen-year-old investigation of the rape and

murder of Stephanie Hogland. On December 14, 2006, Dowell was brought into custody at the Lincoln County Sherriff's Department. Later that same evening, officers returned to Dowell's residence and conducted a search.

Dowell was ultimately charged with first-degree murder, armed criminal action, rape, and in the alternative, rape with infliction of serious physical injury. Dowell went to trial on the murder charges, and was found not guilty by a jury. All other charges were dropped or dismissed. Dowell was released on April 7, 2009.

Dowell filed his first complaint on April 7, 2011 under 42 U.S.C. § 1983, alleging ten counts related to his arrest, interrogation, and prosecution, and the hiring, training, and supervision of the officers involved in his case. On March 28, 2012, Dowell filed an amended complaint. Among the amendments was the addition of Count 3, which alleges unlawful search of his residence. Defendants now move to dismiss Count 3 as untimely.

## Discussion

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. *Neitzke v.*

*Williams*, 490 U.S. 319, 326 (1989). "The possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (quoting *Jessie v. Potter*, 516 F.3d 709, 713 n. 2 (8th Cir. 2008)).

Defendants argue that Count 3 of the amended complaint, for unlawful search of Dowell's residence, is barred by the statute of limitations. Section 1983 claims are governed by the forum state's statute of limitations for personal-injury claims. *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011) (citing *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985) (superseded by statute on other grounds)). Missouri's five-year statute of limitations for personal injury claims thus applies to Dowell's § 1983 claims. Mo. Rev. Stat. § 516.120(4). *See, e.g., Sulik v. Taney Cnty, Mo.*, 393 F.3d 765, 767 (8th Cir. 2005).

While the Eighth Circuit has not spoken to the accrual of § 1983 claims, multiple other circuits have held that such claims accrue when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See, e.g.*, *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011); *Cooey v. Strickland*, 544 F.3d 588, 590 (6th Cir. 2008); *Cao v. Puerto Rico*, 525 F.3d 112, 115 (1st Cir. 2008). When dealing with claims arising out of police action, the claims "are presumed to have accrued when the actions actually occur." *Wright v.*

*Doe*, 400 Fed. App'x 123, 124 (8th Cir. 2010) (citing *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991)).  However, this is merely a presumption and can be overcome if the plaintiff presents a reason for not knowing of the unlawful action at the time it occurred.  *See Johnson*, 925 F.2d at 1301.  In the case of an unlawful search, evidence that the plaintiff was not present for the search could be sufficient to overcome this presumption.  *See Sanders v. Downs*, 420 Fed. App'x 175, 179 (3rd Cir. 2011).

Here, the alleged unlawful search took place on December 14, 2006.  While Dowell's original complaint was filed on April 7, 2011, the unlawful search claim was not raised until Dowell filed his amended complaint on March 28, 2012.  The claim was thus raised more than five years after the alleged search actually occurred.  However, according to the complaint, Dowell was taken into custody on December 14, 2006 and the search did not take place until later that evening.  Dowell was not arraigned until May 14, 2007,[1] and he remained in custody until April 7, 2009.  "The possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself

---

[1] In deciding a motion to dismiss, a court may consider matters of public and administrative record referenced in the complaint.  *See, e.g., Cole v. Homier Distrib. Co.*, 599 F.3d 856, 863 (8th Cir. 2010).

establishes the defense." *Joyce*, 635 F.3d at 367.  Construing the facts in favor of the plaintiff, the complaint does not establish that Dowell knew of the search before March 28, 2007, the five year cut-off from the date he filed his amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#33] is denied.


_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of June, 2012.